# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

**No. 25-3102**

**September Term, 2025**

**1:21-cr-00128-RC-1**

**Filed On:** August 3, 2026

United States of America,

      Appellee

      v.

William Pope,

      Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Henderson, Millett, and Wilkins, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders requiring appellant to return materials designated as sensitive pursuant to this case's protective order be affirmed. The district court did not abuse its discretion in concluding that the government's interest in securing sensitive materials outweighs appellant's interest in retaining such materials after this case has ended. See United States v. Cordova, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (per curiam). Although appellant invokes the Fifth Amendment Due Process Clause, the Sixth Amendment right to self-representation, and Federal Rule of Criminal Procedure 16, he has not shown that the district court violated any of those provisions in requiring him to return sensitive materials following the close of his prosecution. See Dist. Attorney's Off. for Third Jud. Dist. v. Osborne, 557 U.S. 52, 68–69 (2009) (rejecting suggestion "that the Due Process Clause requires that certain familiar preconviction trial rights be extended to protect [individual's] postconviction liberty interest"); United States v. Nobles, 422 U.S. 225, 235 (1975) ("Both the language and history of Rule 16 indicate that it addresses only pretrial discovery."); United States v. Bisong, 645 F.3d 384, 396 (D.C. Cir. 2011) ("[e]ven assuming that pro se defendants have a Sixth Amendment right to discovery in

preparing their defense," defendant failed to establish any violation of that right because he had not shown that "he was prejudiced in preparing his defense"). Nor has appellant demonstrated any class-of-one equal-protection violation, particularly given that the district court made a "discretionary" decision based on "subjective, individualized assessments." Engquist v. Or. Dep't of Agr., 553 U.S. 591, 603 (2008). As for appellant's contention that the district court removed any sensitivity designations by lifting the protective order in a different case, the district court there stayed its lifting order the very same day, and appellant has not shown that the lifting order caused any materials to enter the public court record. See United States v. Zink, No. 1:21-cr-00191, Second Minute Order (D.D.C. Apr. 9, 2025). Finally, with respect to appellant's new argument on appeal that the return requirement here conflicts with his obligations in other cases, this court reviews that issue only for plain error, and appellant has not demonstrated any "'obvious' or 'clear' error." United States v. Pyles, 862 F.3d 82, 86 (D.C. Cir. 2017) (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk